# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| **HAROLD G. HIBBARD,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:17-cv-01541 |
| | ) | CHIEF JUDGE CRENSHAW |
| **MONTGOMERY COUNTY, et al.** | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Harold Hibbard is an inmate at the Stewart County Detention Center in Dover, Tennessee. He has filed pro se a prisoner Complaint (Doc. No. 1) under 42 U.S.C. § 1983 and an Application to proceed in forma pauperis (Doc. No. 2).

It appears from the Application that the Plaintiff lacks sufficient financial resources from which to pay the fee required to file the Complaint. Accordingly, Plaintiff's Application is **GRANTED**. The Clerk will file the Complaint in forma pauperis. 28 U.S.C. § 1915(a).

Plaintiff is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the Plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk of Court, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to the Plaintiff's inmate trust account; **or**

(b) twenty percent (20%) of the average monthly balance in the Plaintiff's inmate trust

1

account for the prior six (6) months.

Thereafter, the custodian shall submit twenty percent (20%) of the Plaintiff's preceding monthly income (or income credited to the Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk of Court. 28 U.S.C. § 1915(b)(2).

The Plaintiff brings this action against Montgomery County, John Fuson, Sheriff of Montgomery County, and William Goodman, a Circuit Court Judge in Montgomery County, seeking injunctive relief and damages.

In September, 2017, the Plaintiff was involved in an automobile accident in Montgomery County. (Doc. No. 1 at 5.) The Plaintiff blames the accident on his "accelerator getting stuck at a high rate of speed", causing him to lose control of his vehicle. (Id.) He was "t-boned" by a truck. (Id.) When Plaintiff's vehicle came to a stop, he managed to exit the vehicle and found himself wandering in a field of tall grass. (Id at 6.) He was dazed and confused. (Id.)

As the Plaintiff made his way back to the road, a police officer ordered him to stop. (Id.) The officer handcuffed the Plaintiff and placed him in the back of his cruiser where he waited for a short while. (Id.) When an ambulance arrived on the scene, the Plaintiff was moved from the police cruiser to the ambulance. (Id at 7.) Paramedics used something resembling smelling salts to bring the Plaintiff back to consciousness, but did so for too long, interfering with his ability to breathe. (Id.) They also took his blood pressure and listened to his heart. (Id.)

The Plaintiff was transported to a hospital. When he arrived there, a physician stitched up a wound to his left arm but did not prescribe any medication for pain. (Id.) The Plaintiff states that

"I believe that the Montgomery County EMS and Police Department were not taking actions of a professional. I feel they were using cruel and unusual punishment." (Id.)

Pro se pleadings are subject to liberal construction. Haines v. Kerner, 404 U.S. 519 (1972). Nevertheless, liberal construction does not require the Court to create a claim that the Plaintiff has not spelled out in his Complaint. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989). A Plaintiff is required to plead more than bare legal conclusions. Lillard v. Shelby County Board of Education, 76 F.3d 716, 726 (6th Cir. 1996). Thus, a pro se litigant must meet the basic pleading requirements for a Complaint in order to state a cognizable claim for relief. Wells. Plaintiff must identify the right or privilege that was violated and the role that each Defendant played in the alleged violation. Dunn v. Tennessee, 697 F.2d 121, 128 (6th Cir. 1982).

To avoid dismissal, a Complaint must contain sufficient factual matter when, accepted as true, states a claim for relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the Plaintiff pleads factual content that allows the Court to draw the reasonable inference that the Defendants are liable for alleged misconduct. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In this regard, the Plaintiff does not mention any of the Defendants in his Statement of Facts (Doc. No. 1 at 5). Thus, he has failed to allege a claim against them that is plausible on its face. As a consequence, the Court finds that the Plaintiff has failed to state a claim upon which relief can granted. Jackson v. Nix, 2007 WL 2317390 at 2 (M.D. Tenn., Aug. 8, 2007); see also White v. Tennessee, 2014 WL 3908203 at 2 (E.D. Tenn., Aug. 11, 2014) (plaintiff alleged no facts, much less sufficient facts, against defendants named in the caption but not mentioned in the body of the complaint); Munger v. Deutsche Bank, 2011 WL 2930907 at 9 (N.D. Ohio, July 18, 2011).

In the absence of an actionable claim, this action is hereby **DISMISSED**. 28 U.S.C. § 1915(e)(2). An appeal of the judgment rendered herein would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 445-446 (1962). Therefore, the Plaintiff is **NOT** certified to pursue an appeal of this judgment in forma pauperis. 28 U.S.C. § 1915(a)(3).

Nevertheless, should the Plaintiff decide to file a notice of appeal, he must either pay the Clerk of Court the full appellate filing fee of five hundred five dollars ($505.00) or submit a new Application to proceed in forma pauperis with a certified copy of his inmate trust account statement for the previous six month period. 28 U.S.C. § 1915(a)(1); McGore v. Wrigglesworth, 114 F.3d 601, 609 (6th Cir. 1997), *abrogated on other grounds,* LaFountain v. Harry, 716 F.3d 944, 951 (6th Cir. 2013).[1]

The Clerk is directed to send a copy of this Order to the Sheriff of Stewart County to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to the payment of the filing fee.

Entry of this order shall constitute the judgment in this action.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] In a departure from former practice, an individual or prisoner granted pauper status before the district court is no longer automatically entitled to pauper status on appeal. McGore, at 610.